NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | **Criminal No. 13-261 (SRC)** |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| RAHMAN FULTON, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**CHESLER**, District Judge

This matter comes before the Court upon the *ex parte* application made by Defendant

Rahman Fulton ("Defendant" or "Fulton") for the Court to issue a subpoena *duces tecum*

pursuant to Federal Rule of Criminal Procedure 17(c). The United States of America (the

"Government") opposes the application to proceed *ex parte*. For the reasons that follow, the

application will be denied.

Fulton seeks the production of certain documents he argues are crucial to establishing his

defense to the charged offense of committing an armed bank robbery, in violation of 18 U.S.C. §

2113(a) and 18 U.S.C. § 924(c). He further requests that the Court seal the contents of the

subpoena and requested documents, permit pretrial inspection of the documents by the defense

only and maintain such sealing and protective orders in place until after the close of the

Government's case-in-chief. As Defendant makes this application *ex parte*, he has not disclosed

to the Government the substance of the material sought.

Federal Rule of Criminal Procedure 17(c) governs the issuance of subpoenas for the production of documentary evidence. Rule 17(c)(1) states:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

While the rule itself does not expressly provide for the issuance of a subpoena for documents before trial, the Supreme Court held in *United States v. Nixon* that pretrial production is permissible if the applicant meets the basic requirements of relevancy, admissibility and specificity. *United States v. Nixon*, 418 U.S. 683, 700 (1974).

The plain language of Rule 17(c) is silent, however, as to the availability of an *ex parte* procedure, and some courts have held that the rule does not permit applications for the pretrial production of documents without notice to the opposing party. *See United States v. Fox*, 275 F. Supp. 2d 1006, 1010 (observing that "[s]ome courts have construed Rule 17(c) as not providing for the issuance of a pretrial subpoena *duces tecum* upon an *ex parte* application under any circumstance"); *United States v. Stewart*, 1997 WL 103700, at *2 (E.D. Pa. Mar. 4, 1997) (agreeing with the majority of courts examining the rule in their observation that Rule 17(c)'s plain language does not contemplate an *ex parte* procedure) . Neither the Supreme Court nor the Third Circuit has addressed the question of whether Rule 17(c) authorizes a court to issue a pretrial subpoena *duces tecum* made upon an *ex parte* application. Generally, however, *ex parte* proceedings are disfavored in the Third Circuit. *See United States v. Walker*, 2008 WL 5002937, at *2 (E.D. Pa. Nov. 24, 2008) (citing *United States v. Wecht*, 484 F.3d 194, 214 (3d Cir. 2007)).

Courts which have permitted *ex parte* applications pursuant to Rule 17(c) have by and large held that, in addition to establishing the basic subpoena requirements set forth in *Nixon*, the

moving party must demonstrate that proceeding *ex parte* is justified by some exceptional

circumstance.  *See, e.g.*, *Stewart*, at \*2 (holding that only "extraordinary circumstances" could

justify *ex parte* procedure under Rule 17(c)); *United States v. Tomison*, 969 F. Supp. 587, 595

(E.D. Cal. 1997) (holding that Rule 17(c) should be interpreted to provide for *ex parte*

applications in situations where a defendant cannot make the required showing under *Nixon*

without revealing trial strategy); *United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995)

(reasoning that *ex parte* procedure for obtaining a pretrial subpoena *duces tecum* would be

warranted where the integrity of the evidence sought would be imperiled by revealing the source

of the evidence before the subpoena issued or where satisfaction of *Nixon* standards would

require a party to detail its trial strategy).  According to caselaw on the issue, the "rare" and

"limited circumstances" in which proceeding *ex parte* under Rule 17(c) may, in the court's

discretion, be permitted are those

> where mere disclosure of the application for a pre-trial subpoena would (i)
> divulge trial strategy, witness lists or attorney work-product; (ii) imperil
> the source or integrity of subpoenaed evidence; or (iii) undermine a
> fundamental privacy or constitutional interest of the defendant . . . .

*United States v. Beckford*, 964 F. Supp. 1010, 1030 (E.D. Va. 1997).  The Government, in this

case, takes the position that while *ex parte* applications for a subpoena *duces tecum* may be

permissible under certain extraordinary circumstances, Defendant faces a heavy burden, as the

Beckford court emphasized, to demonstrate that proceeding in that fashion is warranted.

The Court has reviewed Defendant's application and concludes that he has not

demonstrated that this case presents any of the exceptional circumstances which would warrant

proceeding to obtain a subpoena *duces tecum* under Rule 17(c) in an *ex parte* fashion. Fulton

states that the nature of the requests may compromise defense strategy but fails to explain how

providing the Government with notice of the materials to be produced pretrial or of the target of the Rule 17(c) subpoena will threaten to disclose that strategy to the Government.  He has not carried his burden to show that this case or particular subpoena application presents the rare situation in which the disfavored *ex parte* process should be allowed.  The Court, in its discretion, will deny Defendant's application.  Should he wish to procure the materials on notice to the Government, Defendant may make a renewed application for the issuance of a subpoena *duces tecum* pursuant to Rule 17(c) and the requirements adopted by the Supreme Court in *Nixon*.

Accordingly,

**IT IS** on this 29th day of August, 2013,

**ORDERED** that Defendant's *ex parte* application for a pretrial subpoena *duces tecum* pursuant to Federal Rule of Criminal Procedure 17(c) be and hereby is **DENIED**.

  s/Stanley R. Chesler       
STANLEY R. CHESLER
United States District Judge
